# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# NO. 3:19-CV-60-GCM

| | |
|---|---|
| **DERECK CROUTCH,** | )<br>) |
| Plaintiff, | )<br>) |
| vs. | ) **ORDER**<br>) |
| **NANCY A. BERRYHILL, Acting Commissioner of Social Security,** | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgement, or, alternatively, Motion to Dismiss (Doc. No. 12). Defendant argues that Plaintiff has failed to prosecute her case by not filing a motion for summary judgment in compliance with the Court's Scheduling Order. (Doc. No. 12). The Court Ordered Plaintiff to file a motion for summary judgment by July 8, 2019. (Text-Only Order entered May 7, 2019). On July 9, 2019, after Plaintiff missed that deadline, the Court then resent that Order by mail to Plaintiff. (Text-Only Order entered July 9, 2019). However, Plaintiff still has not filed a motion for summary judgment.

Federal Rule of Civil Procedure 41(b) permits a Court to dismiss a case where "the plaintiff fails to prosecute or to comply with [the] rules or a court order." The Fourth Circuit has "identified four criteria that guide a district court's discretion in dismissing a case under Rule 41(b). *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019). Such an exercise should weigh: '(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.' *Id.* (citation omitted).

Here, Plaintiff is proceeding pro se and, therefore, bears the entire responsibility of prosecuting the case. *See Feagin v. Blockbuster, Inc.*, 3:09-cv-00532-RJC, 2016 WL 3148390, at *2 (W.D.N.C. June 2, 2016). Further, Defendant has now waited more than eight months for Plaintiff to file a motion for summary judgment to resolve this appeal from the Commissioner of Social Security's decision. During that time, Defendant was able to file a threadbare addendum (Doc. No. 14) but still declined to comply with the Court's order, illustrating that the drawn-out, eight-month delay was deliberate. However, the Court believes at this time that a less drastic sanction than dismissal may be effective. Thus, the Court **HEREBY ORDERS** Plaintiff to provide his motion for summary judgment by **March 30, 2020**. Plaintiff is warned that if he does not provide a motion for summary judgment by that time, the Court will dismiss this case under Rule 41(b).

    **SO ORDERED.**

Signed: March 18, 2020

Graham C. Mullen
United States District Judge