# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# NO. 3:19-CV-60-GCM

| | |
|---|---|
| DERECK CROUTCH, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )     **ORDER**<br>) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>) |

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgement, or, alternatively, Motion to Dismiss (Doc. No. 12). Defendant argues that Plaintiff has failed to prosecute her case by not filing a motion for summary judgment in compliance with the Court's Scheduling Order. (Doc. No. 12). The Court Ordered Plaintiff to file a motion for summary judgment by July 8, 2019. (Text-Only Order entered May 7, 2019). On July 9, 2019, after Plaintiff missed that deadline, the Court then resent that Order by mail to Plaintiff. (Text-Only Order entered July 9, 2019). Plaintiff still did not file a motion for summary judgment. Thus, on March 19, 2020, the Court ordered Plaintiff to provide a motion for summary judgment by March 30, 2020 and warned Plaintiff that if she failed to do so, the Court would dismiss this case under Rule 41(b). (Doc. No. 15). Plaintiff failed to meet that deadline as well.

Federal Rule of Civil Procedure 41(b) permits a Court to dismiss a case where "the plaintiff fails to prosecute or to comply with [the] rules or a court order." The Fourth Circuit has "identified four criteria that guide a district court's discretion in dismissing a case under Rule 41(b). *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019). Such an exercise should weigh: '(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the

presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.' *Id.* (citation omitted).

Here, Plaintiff is proceeding pro se and, therefore, bears the entire responsibility of prosecuting the case. *See Feagin v. Blockbuster, Inc.*, 3:09-cv-00532-RJC, 2016 WL 3148390, at *2 (W.D.N.C. June 2, 2016). Further, Defendant has now waited more than eight months for Plaintiff to file a motion for summary judgment to resolve this appeal from the Commissioner of Social Security's decision. During that time, Plaintiff was able to file a threadbare addendum (Doc. No. 14) but still declined to comply with the Court's order, illustrating that the drawn-out, eight-month delay was deliberate. Further, it is now clear that no less drastic sanction than dismissal would be effective. The Court informed Plaintiff that if she did not file a motion for summary judgment, this case would be dismissed—a warning that Plaintiff disregarded. Thus, this case is **DISMISSED**.

**SO ORDERED.**

Signed: March 31, 2020

Graham C. Mullen
United States District Judge